IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| ASHLEY N. BROWN,<br>　　　　Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | Civil Action No. 3:26CV194 (RCY) |
| ROBERT F. KENNEDY, JR.,<br>　　　　Defendant. | )<br>)<br>)<br>) | |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's Renewed Motion for Preliminary Injunction (ECF No. 9), Motion for Leave to File Second Amended Complaint ("Motion for Leave," ECF No. 12), Motion for Leave to File Supplemental Notice and Supplemental Declaration ("Second Motion to File Supplement," ECF No. 19), and Motion for Leave to File Supplemental Notice Regarding Updated SF-50 ("Third Motion to File Supplement," ECF No. 20). The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated herein, the Court will deny Plaintiff's Renewed Motion for Preliminary Injunction, Second Motion to File Supplement, and Third Motion to File Supplement. The Motion for Leave will be granted.

**I. BACKGROUND**

Plaintiff initiated her suit on March 12, 2026, submitting an application to proceed *in forma pauperis* ("IFP Application"), ECF No. 1, a proposed Complaint, ECF No. 1-1, and an Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("TRO Motion"), ECF No. 1-4. By Memorandum Order, the Court granted Plaintiff's IFP Application and docketed her Complaint but denied her TRO Motion. Mem. Order, ECF No. 2. The Court found that Plaintiff

failed to satisfy the notice requirement of Federal Rule of Civil Procedure 65(b)(1)(B) for temporary restraining orders issued without notice to the adverse party. *See id.* at 2–3. The Court further explained that "[e]ven if she had fully complied with Rule 65 . . . Plaintiff does not satisfy the *Winter* factors" essential for emergency relief. *Id.* at 3. The Court then described defects in Plaintiff's attempted showing of irreparable harm and likelihood of success on the merits of her underlying Privacy Act and Administrative Procedures Act ("APA") claims. *Id.*

Plaintiff filed an Amended Complaint, ECF No. 5, on March 17, 2026, and the instant Renewed Motion for Preliminary Injunction, ECF No. 9, on March 20, 2026. Plaintiff's Amended Complaint explains that she "brings this action because Defendant continues to maintain and use inaccurate federal personnel records" that incorrectly characterize her termination from her employment with the Centers for Medicare & Medicaid Services within the U.S. Department of Health and Human Services (HHS). Am. Compl. ¶¶ 1, 11. She alleges removal from employment without warning on February 14, 2025, after approximately 18 months of federal service, "under a characterization that implied performance and conduct issues, despite her performance record." *Id.* ¶ 18. Plaintiff contends Defendant's separation action was unlawful pursuant to the federal Privacy Act. *Id.* ¶¶ 16, 40–42. Plaintiff pleads in the alternative a mandamus action pursuant to 28 U.S.C. § 1361, violation of the APA, and violation of the Rehabilitation Act. *Id.* ¶¶ 47–48; 44–46; 49–50.

Plaintiff moved for leave to file a Supplemental Declaration in support of her Renewed Motion for Preliminary Injunction on April 2, 2026. *See* ECF No. 11. On April 6, 2026, the Court deemed Plaintiff's Supplemental Declaration filed and directed Defendant to respond to the Renewed Motion for Preliminary Injunction. Order, ECF No. 13. Defendant filed its Response in Opposition to Plaintiff's Renewed Motion for Preliminary Injunction ("Response"), ECF No. 16, on April 13, 2026, and Plaintiff filed her Reply, ECF No. 18, on April 14, 2026. The Renewed

Motion for Preliminary Injunction is thus ripe for review.  Plaintiff has twice moved for leave to file additional supplemental notices.  *See* ECF Nos. 19, 20.  Plaintiff has also filed a Motion for Leave to File Second Amended Complaint on April 2, 2026.  Defendant did not file a response to Plaintiff's Motion for Leave to File Second Amended Complaint, and the time to do so has passed.

## II. RENEWED MOTION FOR PRELIMINARY INJUNCTION

Plaintiff's Renewed Motion for Preliminary Injunction "does not renew a TRO request," but rather seeks a Preliminary Injunction ordering the Defendant to correct the allegedly incorrect coding of her termination for purposes of federal hiring/priority determinations and provide various forms of confirmation of such correction, or, alternatively, reinstate Plaintiff to her former position or a substantially similar position of paid status.  Renewed. Mot. Prelim. Inj. 3.  Plaintiff's Supplemental Declaration in Support of her Renewed Motion for Preliminary Injunction describes how she lost her employer-sponsored health insurance along with her federal employment.[1]  Suppl. Decl. ¶ 8, ECF No. 11-1.  Plaintiff represents that "[w]ithout stable health insurance coverage, [she] remain[s] at continuing risk of losing access to necessary medical care and treatment" and has "incurred more than $40,000 in medical debt."  *Id.* ¶¶ 10–11.  She cites the "inaccurate federal personnel records" as "caus[ing] repeated adverse determinations" for new work opportunities within the federal government.  Renewed Mot. Prelim. Inj. 5.  Plaintiff describes a "resulting financial collapse" wherein she has filed for bankruptcy, lost her car insurance, had utility services disconnected, is unable to pay for legal representation,[2] and is relying on government assistance to meet basic household needs.  *Id.* ¶¶ 12, 16, 18, 27.  Plaintiff expresses concern about an "ongoing

---

[1] On the eve of the issuance of this Court's present Opinion, Plaintiff filed her second and third Motions to File Supplement, ECF Nos. 19, 20.  Upon review, Plaintiff's proposed second and third supplemental notices and their accompanying exhibits do not materially impact the analysis herein.  Accordingly, the Court will deny Plaintiff's motions for leave to file second and third supplemental notices and instead direct her to incorporate the previewed factual developments in her anticipated Second Amended Complaint.

[2] It appears that the legal representation Plaintiff describes is related to her daughter's emotional disability and educational needs rather than representation related to this case.  *See* Suppl. Decl. ¶¶ 25–32.

risk of losing Medicaid and SNAP benefits" because her household income fluctuates. Suppl. Decl. ¶¶ 19–20. She describes worsening physical symptoms[3] and two hospitalizations since her termination. *Id.* ¶¶ 22–23. She insists she is experiencing irreparable harm because "loss of access to medical treatment, instability of public benefits, disruption of bankruptcy protection, threatened loss of essential services, and the risk of educational regression for [her] daughter are present harms that cannot be fully undone after final judgment." *Id.* ¶¶ 35–36.

## A. Standard for Injunctive Relief

Preliminary injunctions are governed by a similar—though not identical—standard to that described in the Court's previous Memorandum Order denying Plaintiff's TRO Motion. *See* Mem. Order 2, ECF No. 2. In contrast to the TRO requirements, to obtain a preliminary injunction, notice to the adverse party *is* required, without exception, *see* Fed. R. Civ. P. 65(a)(1); beyond that, the familiar *Winter* standard still applies. To that effect, "[a] plaintiff seeking a preliminary injunction must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008) (citations omitted). The third and fourth factors merge when the Government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 437 (2009). "A preliminary injunction is an 'extraordinary and drastic remedy,' . . . it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (first quoting 11A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2948 (2d ed. 1995), then citing *Yakus v. United States,* 321 U.S. 414, 440 (1944)).

## B. Analysis

The notice requirement of Rule 65 has now been satisfied. ECF Nos. 10, 17. Nevertheless,

---

[3] Plaintiff has previously communicated to the Court that she suffers from the chronic medical condition of fibromyalgia. TRO Mot. 3; *see also* Reply 2.

Plaintiff's Renewed Motion for Preliminary Injunction fails on the irreparable harm prong of the *Winter* analysis. Although the Court recognizes that Plaintiff's termination from HHS appears to have put into motion a series of financial difficulties that are causing immense stress for Plaintiff and her family, the injuries Plaintiff claims are either redressable in the form of damages or too speculative to satisfy the standard.

Generally speaking, "temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." *Sampson v. Murray*, 415 U.S. 61, 90 (1974). A litigant seeking an injunction to cure unemployment "must show 'a genuinely extraordinary situation.'" *Together Emps. v. Mass. Gen. Brigham Inc.*, 19 F.4th 1, 8 (1st Cir. 2021) (quoting *Sampson*, 415 U.S. at 92 n.68). "Insufficiency of savings or difficulties in immediately obtaining other employment [are] external factors common to most discharged employees" and thus do "not support a finding of irreparable injury, however severely they may affect a particular individual." *Id*. (quoting *Sampson*, 415 U.S. at 92 n.68). The same goes for a deprivation of health insurance resulting from lost employment. *Id*. Unfortunately, "[n]othing about [that] consequence[] is unusual." *Id*.

Moreover, Plaintiff has not satisfied the Court that the harm she is experiencing from her current unemployment is unavoidable. "[I]t is well settled that avoidable harm is not irreparable harm; if Plaintiff can mitigate the threatened 'irreparable harm,' she cannot refuse to do so and yet still claim that she would be irreparably injured absent an injunction." *Bellin v. La Pensee Condo. Assoc. Inc.*, 2005 WL 8156021, at *9 (S.D. Fla. Oct. 13, 2005); *Gerber v. Bd. of Regents of the Univ. Sys. of Ga.*, 2026 U.S. Dist. LEXIS 85806, *27–28, __ F. Supp. 3d __ (M.D. Ga. Apr. 20, 2026) ("Gerber's decision not to pursue other employment opportunities is a self[-]imposed injury which cannot amount to irreparable harm."); *Air Transp. Int'l LLC v. Aerolease Fin. Group, Inc.*, 993 F. Supp. 118, 123 (D. Conn. 1998) ("Even if [the plaintiff] could demonstrate that it would be

irreparably harmed, it must also show that it could not prevent such harm."); *accord Barton v. Dist. of Columbia*, 131 F. Supp. 2d 236, 247 (D.D.C. 2001).  Here, Plaintiff represents that she has been unsuccessful in finding replacement employment.  But, while she declares that she has "attempted to mitigate [her] damages . . . by pursuing full time education, applying for multiple full-time jobs, and performing intermittent work in addition to [her] part-time job," Suppl. Decl. ¶ 33, the full picture provided by Plaintiff's pleadings shows that Plaintiff has only pursued *federal* employment—there is no indication that Plaintiff has made any efforts to find full-time employment outside of the federal government.  *E.g.*, Renewed Mot. Prelim. Inj. 7, ¶ 11 ("I have suffered ongoing adverse determinations and barriers *to federal employment*") (emphasis added); Reply 2, ECF No. 18 (arguing that "the challenged records and missing documentation continue to block restoration *to federal employment*") (emphasis added).  This failure to attempt to mitigate her unemployment situation in a reasonable manner, i.e., by seeking non-federal employment, is fatal to a finding of irreparability.

Finally, the remaining aspects of Plaintiff's allegedly irreparable injuries are too speculative to form the basis for relief.  "To establish irreparable harm, the movant must make a 'clear showing' that [they] will suffer harm that is 'neither remote nor speculative, but actual and imminent.'"  *Mountain Valley Pipeline, LLC v. 6.56 Acres of Land,* 915 F.3d 197, 216 (4th Cir. 2019) (citing *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991)).  Contrary to Plaintiff's framing as a certain, immediate harm, "the *risk* of educational regression for [Plaintiff's] daughter," Suppl. Decl. ¶ 35 (emphasis added), is just that—a speculative risk. And the Court cannot find that Plaintiff faces "actual and imminent" harm in the form of non-selection for federal employment based *solely* on her allegedly inaccurate records, when there is no reason to believe that Plaintiff would necessarily be hired for some yet-to-be-identified position, even if her records *were* correct.  *See* Mem. Order Denying TRO at 3 (observing the same).

Notably, Plaintiff's own submissions bear out that other factors, such as independent scoring, might result in the hiring of other candidates over her.  *See* Renewed Mot. Prelim. Inj. Ex. 18 (showing that, incorrect records notwithstanding, Plaintiff was considered "tentatively eligible" for an open position but was "not referred to the Hiring Manager due to priority candidates *or scoring*." (emphasis added)).  Thus, the Court cannot find irreparable harm based on the speculation that Plaintiff would, as a matter of certainty, be hired for some future federal position. *E.g.*, *Hispanic Affairs Project v. Perez*, 141 F. Supp. 3d 60, 69 (D.D.C. 2015) ("[E]njoining the issuance of new H-2A visas at the current wage rate would not guarantee this plaintiff any herding job offer, let alone a herding job offer at a sufficiently high wage to be acceptable . . . . Consequently, whether viewed through the prism of redressability or irreparable harm, the injunctive relief requested would not necessarily help this plaintiff."); *Campbell v. Schmidt*, 2020 WL 6445874, *13 (D.D.C. Nov. 3, 2020) ("[T]he record is silent on whether any of those employers would choose to hire her if the Court were to order [the preliminary injunctive relief sought]."); *Flood v. Kuhn*, 309 F. Supp. 793, 800 (S.D.N.Y. 1970) ("[W]e observe that the relief ultimately sought by plaintiff would not and could not compel the St. Louis Club to retain his services.").

Accordingly, while the Court is not unsympathetic to Plaintiff and the position she has been placed in, the Court must nevertheless find that Plaintiff has not demonstrated a likelihood of irreparable harm as a matter of law.  *See Am. Fed. of State, Cnty. & Mun. Emps. v. Soc. Sec. Admin.,* 172 F.4th 361, 372 (4th Cir. 2026) ("[N]ot all harm—no matter how serious in the real world—is 'irreparable' in a legal sense.").  And because Plaintiff cannot satisfy *Winter*'s "irreparable harm" factor, her Renewed Motion for Preliminary Injunction must fail.  *See Winter*, 555 U.S. at 20; *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009) (failure of one *Winter* factor is fatal to obtaining preliminary injunctive relief).

### III. LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff separately seeks leave to file a Second Amended Complaint to provide additional factual details, specifically by expanding allegations concerning ongoing economic, medical, and family harm, and to more fully plead her Rehabilitation Act allegations and requested relief.  Mot. for Leave 1, ECF No. 12.  Federal Rule of Civil Procedure Rule 15(a)(2) provides that, if a party is unable to amend its pleading as a matter of course pursuant to Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave."  The same rule further instructs that the Court should "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (describing Rule 15(a) as a "mandate . . . to be heeded.").

Plaintiff cannot amend her Complaint as a matter of course because she has already done so.  *See* Am. Compl.  Defendant has not yet filed a responsive pleading, and this case is otherwise at the beginning stages of litigation.  Because affording Plaintiff, who is proceeding *pro se*, the opportunity to further describe her alleged injuries and supplement one of her legal claims will not prejudice Defendant at this early juncture, the Court finds that justice requires that Plaintiff's Motion for Leave be granted.

### IV. CONCLUSION

Accordingly, the Court will deny Plaintiff's Renewed Motion for Preliminary Injunction, Second Motion to File Supplement, and Third Motion to File Supplement.  The Court will grant Plaintiff's Motion for Leave to File Second Amended Complaint.  An appropriate Order shall issue.

_____ /s/
Roderick C. Young
United States District Judge

Date: <u>May 8, 2026</u>
Richmond, Virginia